Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6973 | **DATE** | 2/23/2004 |
| **CASE TITLE** | Anna Kroning vs. Resurrection Health Care | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Motion for Summary Judgment is GRANTED as to the issue of exhaustion of administrative remedies. The present litigation is stayed pending the resolution of an appeal by Kroning to the Plan Administrator.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | 29 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | '04 FEB 23 AM 9:52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 2 3 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
FEB 2 4 2004

ANNA KRONING,

    Plaintiff,

v.

RESURRECTION HEALTH CARE,

    Defendant.

Case No. 02 C 6973

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Anna Kroning ("Kroning") filed a complaint against Defendant Resurrection Health Care ("Resurrection") alleging that Resurrection failed to provide certain health benefits pursuant to a health plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1132(a). Before the Court is the Resurrection's Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the Court grants Resurrection's Motion for Summary Judgment on the issue of Kroning's failure to exhaust administrative remedies, and stays the present litigation pending resolution of Kroning's appeal to the Resurrection Plan Administrator.

### I. BACKGROUND

Kroning was a participant in Resurrection's Health Care Employee Benefit Plan (the "Plan"), which is a welfare benefit plan under ERISA. Blue Cross and Blue Shield of Illinois is the primary

administrative entity for processing claims under the Plan. However, Accord Behavioral Health Services ("Accord") administers claims for mental health and substance abuse treatments. In January 2000, Kroning's son received inpatient treatment and other corresponding benefits that were subject to preapproval from Accord. The crux of this case centers on whether Kroning obtained the requisite preapproval for this inpatient treatment. At this juncture in the litigation, however, it is not necessary to discuss further the parties' competing factual allegations.

The parties also differ on whether Kroning exhausted her administrative remedies prior to bringing this lawsuit. Kroning claims that she contacted Resurrection's Human Resources department shortly after her son's treatment to obtain assistance in receiving payment from Accord. Specifically, Kroning alleges that she enlisted the help of Norma Santos ("Santos"), a benefits specialist at Resurrection, and that Santos assured Kroning that she would "take care of it." Although Paul Skiem ("Skiem") is the designated Plan Administrator at Resurrection (and thus has the authority to interpret the Plan and decide appeals), Kroning claims that Skiem "built a wall" around himself such that she was forced to turn to Santos for administrative remedy. Thus, Kroning argues that her administrative appeal of Accord's denial began at some point in the year 2000 and continued for more than two years.

Resurrection, in turn, claims that Kroning never filed a formal appeal of Accord's denial. Resurrection argues that Kroning's dealings with Santos were nothing more than an employer assisting an employee in obtaining benefits and did not invoke any formal appeal process through Skiem, the Plan Administrator. Resurrection points to an August 16, 2002 letter from plaintiff's counsel, Martha Norman ("Norman"), requesting that Skiem outline any further administrative remedies, prior to litigation, that Kroning may have and provide detailed reasons for any denial of benefits. On August 26, 2002, Skiem responded to Norman's letter by stating, among other things, that Kroning could request a review of her denied claims, which she had not done to date. Kroning did not respond to this letter and on September 30, 2002 filed the present complaint. Based on this correspondence, Resurrection claims that Kroning was explicitly invited to appeal the denial of her claims, but refused to do so. Accordingly, Resurrection alleges that Kroning has failed to exhaust her administrative remedies.

## II. LEGAL STANDARDS

### A. *Summary Judgment*

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" if it could affect the outcome of the suit under the governing law; a dispute is "genuine" where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden is initially upon the movant to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In assessing the movant's claim, the court must view all the evidence and any reasonable inferences that may be drawn from that evidence in the light most favorable to the nonmovant. *Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations" contained in its pleading, but rather "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Becker v. Tenenbaum-Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### B. Exhaustion of Administrative Remedies

The general rule in this Circuit is that a party must exhaust administrative remedies prior to bringing a civil suit for benefits

under an ERISA plan. *See Kross v. Western Elec. Co.*, 701 F.2d 1238, 1244-45 (7th Cir. 1983); *Powell v. A. T. & T. Communications, Inc.*, 938 F.2d 823, 826 (7th Cir. 1991); *McDougall v. Pelchat*, 2003 WL 22057858, *1 (N.D. Ill. 2003). There are strong policy reasons favoring the exhaustion requirement: implementing this requirement encourages parties to resolve disputes without judicial intervention, encourages plan fiduciaries to operate plans efficiently, and, where necessary, provides a more-complete factual record for judicial review. *See Powell*, 938 F.2d at 826; *Lindeman v. Mobil Oil Corp.*, 79 F.3d 647 (7th Cir. 1996).

A district court may excuse failure to exhaust administrative remedies if (1) there is a lack of meaningful access to administrative review procedures or (2) exhaustion of internal administrative review would be futile. *See Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1236 (7th Cir. 1997). To establish futility, a plaintiff must demonstrate that it is certain that the claim will be denied on appeal. *See id.* at 1238. Mere doubt that an appeal will lead to a different result will not suffice. *See id.*

### III. DISCUSSION

Here, Kroning initially claims that she exhausted her administrative remedies. Kroning argues that she appealed to the Human Resources Department from the outset and was advised by Santos that Resurrection "would take care of it." Kroning notes

that she provided all the documentation that Santos requested. In essence, Kroning argues that her repeated contacts with Santos amounted to an appeal to Skiem, the Plan Administrator. Kroning bases this assertion, in part, on the contention that Skiem "built a wall around himself" such that Kroning was "not able to get around Skiem's wall."

Even when construing the evidence in a light most favorable to Kroning, she does not make a sufficient showing that she filed an appeal with the Plan Administrator requesting review of Accord's denial of benefits. Kroning does not point to any written evidence (or testimony) that she filed an appeal to Skiem, the Plan Administrator, who undisputably was the only person with authority to review and determine appeals. Kroning also makes no showing that Skiem "built a wall" around himself that precluded her from submitting an appeal. Indeed, the August 15, 2002 letter from Kroning's counsel refers to additional administrative remedies and there is no dispute that Skiem responded to this letter with an invitation to conduct a formal appeal. In addition, Skiem's assertion that Kroning never filed a written request for review of her denied claims stands uncontested. As such, Kroning has failed to rebut Resurrection's showing that she failed to file an appeal here. Finally, it is undisputed that Skiem has not yet issued a denial of benefits based upon such an appeal.

that she provided all the documentation that Santos requested. In essence, Kroning argues that her repeated contacts with Santos amounted to an appeal to Skiem, the Plan Administrator. Kroning bases this assertion, in part, on the contention that Skiem "built a wall around himself" such that Kroning was "not able to get around Skiem's wall."

Even when construing the evidence in a light most favorable to Kroning, she does not make a sufficient showing that she filed an appeal with the Plan Administrator requesting review of Accord's denial of benefits. Kroning does not point to any written evidence (or testimony) that she filed an appeal to Skiem, the Plan Administrator, who undisputably was the only person with authority to review and determine appeals. Kroning also makes no showing that Skiem "built a wall" around himself that precluded her from submitting an appeal. Indeed, the August 15, 2002 letter from Kroning's counsel refers to additional administrative remedies and there is no dispute that Skiem responded to this letter with an invitation to conduct a formal appeal. In addition, Skiem's assertion that Kroning never filed a written request for review of her denied claims stands uncontested. As such, Kroning has failed to rebut Resurrection's showing that she failed to file an appeal here. Finally, it is undisputed that Skiem has not yet issued a denial of benefits based upon such an appeal.

Nor can Kroning establish that she was denied meaningful access to administrative review procedures or that exhaustion would be futile. The following is undisputed: (1) on August 15, 2002, Kroning's attorney specifically inquired as to the availability of "any further Administrative Remedies, prior to litigation, that Mrs. Kroning may have" and requested that Skiem "afford Ms. Kroning a reasonable opportunity to full and fair review by the appropriate named fiduciary of the decision denying the claim"; (2) on August 26, 2002, Skiem responded to this letter and offered formal review of Kroning's claims; and (3) Kroning did not respond to this offer. Thus, for purposes of summary judgment, Kroning has effectively admitted that as of August 15, 2002, additional administrative remedies were available. The Court does not doubt that as of August 15, 2002, Kroning had strong reservations about the sincerity of Skiem's offer for administrative review, but that alone is insufficient to establish that access to such review was unavailable.

Kroning also argues that it would be futile to pursue such administrative remedies at this point because Resurrection will undoubtedly deny her appeal based upon its argument in this litigation that Kroning did not obtain preapproval from Accord. Kroning, however, does not show - as she must - that it is a certainty that Resurrection will deny her appeal. *See Robyns*, 130 F.3d at 1236. The undisputed facts show that Santos did assist

Kroning in obtaining benefits for some of her claims and that Skiem has offered a formal review of Accord's denial. Thus, there is undisputed evidence in the record tending to show that Resurrection will abide by its fiduciary obligations and provide a fair appeal. The fact that Resurrection has raised arguments based on its present adversarial posture in this litigation does not bind Skiem from reaching a different result in the administrative appeal process, where Skiem must view Kroning's appeal consistent with his fiduciary role. Accordingly, the Court fully expects that the Resurrection Plan Administrator will fulfill his fiduciary obligations to Kroning and engage in a good-faith and timely review of Kroning's appeal. (If Kroning fails to file such an appeal within sixty days, Resurrection may renew its Motion for Summary Judgment.)

The Court reminds Resurrection that it has represented to this Court that its Plan Administrator stands ready to review the denial of Kroning's claim with fresh eyes and a fair mind, which will include consideration of the additional evidence that Kroning has presented pertaining to her purported contacts with Accord. In addition, Resurrection has represented to this Court that if Kroning exhausted her administrative remedies, the Plan, being sponsored by a Catholic charitable organization, may satisfy the claims from its own resources. This is precisely the sort of

nonjudicial (and potentially equitable) resolution that the exhaustion doctrine aims to foster.

Because Kroning has raised the prejudicial impact of additional delay, the Court expects that Resurrection will engage in an expedited review of any appeal. Should Kroning make a showing of inordinate delay on the part of Resurrection following the submission of Kroning's appeal, the Court will revisit the issue of whether Kroning must continue to exhaust administrative remedies.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED** as to the issue of exhaustion of administrative remedies. The present litigation is stayed pending the resolution of an appeal by Kroning to the Plan Administrator.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: February 23, 2004